MAY 25 2010

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

UNITED STATES OF AMERICA    )
)
v.    )    Criminal Action No. 3:08CR440-HEH
)
GUILLERMO BARRERA PONCE    )

### MEMORANDUM ORDER

On December 12, 2008, pursuant to Ponce's guilty plea, the Court convicted Ponce

of one count of transporting illegal aliens. On February 9, 2009, the Court sentenced

Ponce to a 33-month term of imprisonment. On February 20, 2009, Ponce filed a notice

of appeal. On April 14, 2009, Ponce filed a motion to voluntarily withdraw his appeal.

Mot. to Withdraw Appeal, *United States v. Ponce*, No. 09-4187 (4th Cir. April 14, 2009).

Samuel B. Simpson, counsel for Ponce, explained that when he filed the notice of appeal

he "wrote to [Ponce] to remind him that our goal in his case was a sentence reduction

under [Fed. R. Crim. P.] 35(b), and noting an appeal violated his plea agreement and put

his sentence reduction in jeopardy." *Id.* at ¶ 2. Counsel further explained that:

> Shortly thereafter, counsel received a letter from defendant dated February
> 24, 2009, giving counsel written permission to withdraw this appeal. On
> April 3, 2009, counsel met personally with defendant to confirm
> defendant's desire to withdraw this appeal. At that meeting, defendant
> signed a statement, attached hereto as Exhibit 1, giving counsel explicit
> permission to withdraw this appeal.

*Id.* at ¶ 3. The attached statement, written in both English and Spanish, grants to

Simpson permission to withdraw the pending appeal. Accordingly, on May 11, 2009, the

United States Court of Appeals for the Fourth Circuit granted Ponce's motion to dismiss, and dismissed the appeal.

On April 1, 2010, the Court received Ponce's "Notice of Appeal Out of Time." Ponce explains that he requested Simpson file a notice of appeal, but that Ponce believes that Simpson failed to file such a notice within the time to appeal. Ponce moves the court to allow him to file an appeal out of time. It appears highly unlikely that Ponce's motion is made in good faith. Accordingly, Ponce is hereby DIRECTED to file, within fourteen (14) days of the date of entry hereof, a statement as to whether Ponce signed the Attachment to the April 14, 2009 Motion to Withdraw Appeal advising in English and Spanish that Ponce desired to withdraw his appeal. Ponce's statement must be sworn under penalty of perjury. Ponce is ADVISED that perjury is a federal crime which may subject him to further prosecution. Failure to file the appropriate statement within fourteen (14) days will result in the dismissal without prejudice of the pending notice of appeal.

Ponce also contends that Simpson's failure to file a timely notice of appeal constitutes constitutionally ineffective assistance. This claim appears cognizable only pursuant to 28 U.S.C. § 2255. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (explaining that a motion pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" (*quoting Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990))); *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004).

If Ponce wishes to invoke this Court's jurisdiction under 28 U.S.C. § 2255 he must do so unequivocally and in accordance with the rules governing such actions. *Cf. United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002) (requiring that the district court advise inmates of the consequences of filing a § 2255 motion prior to converting a mislabeled postconviction motion into a motion pursuant to § 2255). Any motion under 28 U.S.C. § 2255 must conform to the form prescribed by the rules governing such motions and be sworn to under penalty of perjury. Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 2(b). The Court will process a request for relief under 28 U.S.C. § 2255 upon receipt from Ponce of the properly completed forms seeking such relief. The Clerk is DIRECTED to mail a copy of the appropriate forms for filing a Section 2255 motion to Ponce.

The Clerk is DIRECTED to send a copy of this Memorandum Order to Ponce, counsel of record, and former counsel Simpson.

It is SO ORDERED.

/s/
_____
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: May 24 2010
Richmond, Virginia

3